No. 08-31243

United States of America
               Plaintiff-Appellee

v.

Lee Underwood, Jr.
               Defendant-Appellant

**BRIEF FOR APPELLANT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**DMITRC I. BURNES**
**Bar Roll Number 22283**
**Counsel of Record for Appellant**

**BURNES, BURNES & TALLEY**
**Post Office Box 650**
**Alexandria, LA 71309-0650**
**711 Washington Street**
**Alexandria, LA 71301**
**Telephone: (318) 448-0482**
**Facsimile: (318) 442-8600**

No. 08-31243

United States of America
                  Plaintiff-Appellee

v.

Lee Underwood, Jr.
                  Defendant-Appellant

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following list of persons have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Lee Underwood, Jr.
   Mr. Underwood is the Defendant/Appellant in this criminal case.

2. United States of America
   This is a criminal prosecution and, as such, the plaintiff in this case is the United States government.

_____
DMITRC I. BURNES
Attorney of Record for
Lee Underwood, Jr., Appellant

No. 08-31243

United States of America
                Plaintiff-Appellee

v.

Lee Underwood, Jr.
                Defendant-Appellant

**REQUEST FOR ORAL ARGUMENT**

Appellant desires and respectfully requests permission to present oral argument in this case due to the seriousness of the issues for Appellant, and the need to determine whether the position taken by the district court is correct in light of the rulings by the U.S. Court of Appeal, Fifth Circuit and the contrary rulings of other circuit courts.

_____
DMITRC I. BURNES
Attorney of Record for
Lee Underwood, Jr., Appellant

**TABLE OF CONTENTS**

Page

Certificate of Interested Persons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Request for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Issues Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Course of Proceedings and Disposition in Court Below. . . . . . . . . . . . . . . 1
    Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<
<3

# TABLE OF AUTHORITIES

Page

UNITED STATES CONSTITUTION

United States Constitution, Article III. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

UNITED STATES STATUTES

Federal Rules of Appellate Procedure, Rule 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Federal Rules of Appellate Procedure, Rule 4(B).. . . . . . . . . . . . . . . . . . . . . . . . . 1
Title 18, United States Code, Section 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Title 21, United States Code, Section 922(g)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . 1
Title 28, United States Code, Section 636. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Title 28, United States Code, Section 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

UNITED STATES SUPREME COURT CASE

*Peretz v. United States,* 501 U.S. 923 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

OTHER UNITED STATES CASES

*United States v. Dees,* 125 F3d 261, 263 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . 4
*United States v. Liedtke.* 03-20636, 107 Fed. Appx. 416, 2004 U.S. App. LEXIS
      16668, at *4-5 (5th Cir. Aug. 13, 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). . . . . . . . . . . . . . . . . . 5
*Sapia v. United States,* 433 F.3d 212, 216 (2d Circ. 2005). . . . . . . . . . . . . . . . . . 5
*Howard v. United States*, 373 F.3d 1068, 1071 (11th Cir. 2004). . . . . . . . . . . . . . 5
*Lewis v. United States* , 94-3748, 1996 U.S. App. LEXIS 5666, at *3 (7th Circ.
      14, 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Wesson v. United States Penitentiary*, 305 F.3d 343, 346 (5th Cir. 2002). . . . . . . 5

**JURISDICTIONAL STATEMENT**

The United States Court of Appeal for the Fifth Circuit has jurisdiction to hear this appeal of a criminal conviction and sentence from the United States District Court for the Western District of Louisiana (Monroe Division) pursuant to Title 28, United States Code, Section 1291, Title 18, United States Code, Section 3742, Federal Rules of Appellate Procedure, Rule 3, and Rule 4(B), and as otherwise provided by law.

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

Was the district court correct in finding that a defect in subject matter jurisdiction can be procedurally defaulted?

**STATEMENT OF THE CASE**

**Course of Proceedings and Dispositions in Court Below**

Appellant was charged in the United States District Court for the Western District of Louisiana (Monroe Division) by a five-count indictment alleging violation of Title 21, United States Code, Section 922(g)(1), conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, which was filed on December 15, 2004. On March 28, 2005, Underwood plead guilty to

Count One of the five-count indictment. Appellant was sentenced on August 15, 2005, to serve 262 months on count 1 of the indictment, counts two, three and five were dismissed and Appellant was not named in count four of the indictment. Appellant challenges his conviction and sentence.

## Statement of Facts

On March 28, 2005, Underwood plead guilty to Count One of a five-count indictment of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine before Magistrate Judge Hayes who presided over Underwood's plea proceeding and conducted the Rule 11 allocution. [Doc. No. 59]. During the plea proceedings on March 25, 2005, Magistrate Judge Hayes informed Underwood that she was a magistrate judge and that his guilty plea was subject to the district judge's final approval. [Doc. No. 65, p. 21]. Underwood did not expressly consent to having a magistrate judge preside, nor did he object to the district judge's absence. *See id.* Underwood was represented by counsel at the hearing. *Id.* It is undisputed that Underwood was not asked to consent to plead before the magistrate judge, nor was Underwood informed that he had a right to plead before a district judge.

On March 31, 2005, Magistrate Judge Hayes issued a Report and Recommendation, recommending that the court accept Underwood's guilty plea.

[Doc. No. 61]. Underwood filed no objection to the report and recommendation. [Doc. No. 67].

On May 6, 2005, the court adopted the Report and Recommendation and accepted Underwood's guilty plea. [ Doc. No. 67]. Underwood was subsequently sentenced. [Doc. No. 89].

After the district court accepted his plea and sentenced him, Underwood appealed his sentence and the court's judgment was affirmed by the United States Court of Appeals for the Fifth Circuit [Doc. No. 109]. The United States Supreme Court denied Underwood's petition for writ of certiorari. [Doc. No. 112].

On January 8, 2008, Underwood filed a motion to vacate under 28 U.S.C. § 2255, claiming for the first time that he "was denied his rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution when Magistrate Judge Karen L. Hayes presided at the change of plea and *Boykinization* of [him]." Regardless of the exact wording of the document, it was plain that Underwood was objecting to his plea being taken by a Magistrate Judge. [Doc. No. 116, p. 7, ¶ 14]. The Government filed a response [Doc. No. 118], and Underwood filed a reply [Doc. No. 120].

After an evidentiary hearing, Magistrate Judge Hayes took the matter under advisement. She issued a Report and Recommendation on August 13, 2008,

recommending that the motion be denied. [Doc. No. 126]. On August 26, 2008, Underwood filed an objection. [Doc. No. 127].

On October 17, 2008, the district court denied Underwood's motion to vacate under 28 U.S. § 2255. [Doc. Nos. 128 & 129.]

On December 16, 2008, Appellant filed a motion for appeal and request for certificate of appealability. [Doc. No. 131]. On December 19, 2008, Appellant's request for certificate of appealability was granted as to one issue. [Doc. No. 134].

## SUMMARY OF THE ARGUMENT

Magistrates Judges are not Article III judges. Without subject matter jurisdiction, the district court is without authority to accept a criminal defendant's guilty plea. Subject matter jurisdiction cannot be ignored or defaulted in the context of a guilty plea.

## ARGUMENT

Underwood raised claims that he was denied due process because Magistrate Judge Hayes presided at his plea hearing. Underwood has a cognizable constitutional claim in this context under Article III of the Constitution. See *Peretz v. United States*, 501 U.S. 923 (1991). His claim regarding Magistrate Judge Hayes' statutory authority to preside over a plea hearing also implicates the court's subject matter jurisdiction. See 28 U.S.C. § 636; *United States v. Dees*,

125 F.3d 261, 263 (5th Cir. 1997).

The district court ruled that because Underwood "could have raised his jurisdictional or constitutional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows cause for his procedural default and actual prejudice resulting from the error." See *United States v. Liedtke,* 03-20636, 107 Fed. Appx. 416, 2004 U.S. App. LEXIS 16668, at *4-5 (5th Cir. Aug. 13, 2004), cert. Den. Liedtke v. United States , 543 U.S. 1191 (2005). Also, "A defendant may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (alteration in original)(citation and quotation marks omitted).

However several courts of appeal have held that a jurisdictional defect cannot be procedurally defaulted because a defect in subject matter jurisdiction cannot be waived. See *Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005); *Howard v. United States,* 373 F.3d 1068, 1071 (11th Cir. 2004); *Lewis v. United States*, 94-3748, 1996 U.S. App. LEXIS 5666, at *3 (7th Cir. Mar. 14, 1996). The United States Court of Appeals for the Fifth Circuit has not addressed this issue and has, instead, continued to state that constitutional or jurisdictional issues must

be raised on direct appeal or be subject to procedural default. *Liedtke,* 2004 U.S. App. LEXIS 16668, at *4-5; *cf. Wesson v. United States Penitentiary,* 305 F.3d 343, 346 (5th Cir. 2002) (rejecting claim that alleged jurisdictional defect could not be procedurally defaulted because the claim was not in fact jurisdictional, but not indicating whether the procedural default doctrine still applies to jurisdictional defects).

  Article III of the United States Constitution grants authority to district court judges to accept guilty pleas in a United States District Court. That authority does not extend to others (neither United States Attorneys, other court personnel such as court reporters, minute clerks, U.S. Marshalls, nor the Clerk of Court can substitute for the constitutionally authorized district judge in this function.)

  The district court is aware of the suspect nature of the procedures employed in obtaining Underwood's guilty plea. Current practice for obtaining a guilty plea in a criminal matter before a Magistrate Judge involves a waiver on the record both oral and written by the criminal defendant. This new procedure adopted by the district court has been in place long enough such that it is unlikely that any other defendants can timely raise this type of complaint.

Nonetheless, review should permitted in the case *sub judice* else an unconstitutional conviction and sentence will stand due to lack of any permitted procedure to address the error.

## CONCLUSION

For the reasons argued above, Appellant's conviction should be vacated and his sentence set aside and the case remanded to district court for further proceedings.

Respectfully Submitted,
BURNES, BURNES & TALLEY
Attorneys at Law

By:_____
DMITRC I. BURNES
Bar Roll Number 22283
Counsel of Record for Appellant

Post Office Box 650
Alexandria, LA 71309-0650
711 Washington Street
Alexandria, LA 71301
Telephone: (318) 448-0482
Facsimile: (318) 442-8600

No. 08-31243

United States of America
        Plaintiff-Appellee

v.

Lee Underwood, Jr.
        Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Brief for Appellant* has been furnished to:

**Cristina Walker**
**Assistant United States Attorney**
**300 Fannin Street, Suite 3201**
**Shreveport, LA 71101-3068**

by placing a copy of same in the United States mail, postage pre-paid and properly addressed.

Alexandria, Rapides Parish, Louisiana, this 16th day of March, 2009.

_____
DMITRC I. BURNES